**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| **IRONCLAD PRESSURE CONTROL, LLC,** | § § | Case No. 23-70156-smr |
| DEBTOR. | § § | Chapter 11 |

| | | |
|---|---|---|
| **C & W INTERNATIONAL FABRICATORS, LLC,** | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Adversary Case No. 24-07003-smr |
| **IRONCLAD PRESSURE CONTROL, LLC, BAILEE NICOLE RIVAS-FERNANDEZ, ERMELINDA (MINDY) RIVAS, AND ALBERT DEHOYOS**, | § § § § § | |
| Defendants. | | |

**ORIGINAL ANSWER OF DEFENDANT BAILEE NICOLE RIVAS-FERNANDEZ**

**NOW COMES** Bailee Nicole Rivas-Fernandez ("Rivas-Fernandez"), Defendant in the above-entitled and numbered cause, and files this, Original Answer of Defendant Bailee Nicole Rivas-Fernandez to the Complaint of C & W International Fabricators, LLC ("C&W"), and in support thereof would show the following:

**I.     ADMISSIONS AND DENIALS**

1.     Rivas-Fernandez does not admit or deny the allegations made in Paragraphs 1, 2, 3, 4, and 5 of Plaintiff's Original Petition, Application for Injunctive Relief, and Motion for Expedited Discovery (hereinafter "Plaintiff's Complaint") as they are each informational.

2.     Rivas-Fernandez denies the allegations in Paragraphs 6 through 8 of Plaintiff's Complaint.

3. Paragraph 9 of Plaintiff's Complaint asserts legal conclusions to which no answer is required, and Rivas-Fernandez otherwise denies the allegations in Paragraph 9 of Plaintiff's Complaint.

4. Rivas-Fernandez admits that C&W alleges claims and seeks injunctive relief under the Texas Uniform Fraudulent Transfer Act. Rivas-Fernandez denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint and asserts that this paragraph asserts legal conclusions to which no answer is required.

5. Rivas-Fernandez denies the allegations in Paragraph 11 of Plaintiff's Complaint.

6. Rivas-Fernandez denies the allegations in Paragraphs 12 through 16 of Plaintiff's Complaint.

7. Rivas-Fernandez admits that C&W sought a temporary restraining order as alleged in Paragraph 17 of Plaintiff's Complaint. Rivas-Fernandez denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint, including all subparts.

8. Paragraph 18 of Plaintiff's Complaint asserts legal conclusions to which no answer is required, and Rivas-Fernandez otherwise denies the allegations in Paragraph 18 of Plaintiff's Complaint

9. Rivas-Fernandez denies the allegations in Paragraphs 19 through 33 of Plaintiff's Complaint.

10. Rivas-Fernandez denies the allegations in Paragraphs 34 through 38 of Plaintiff's Complaint.

11. Rivas-Fernandez incorporates her response to Paragraphs 1-38 in response to Paragraph 39 of Plaintiff's Complaint.

12. Rivas-Fernandez denies the allegations in Paragraphs 39 through 43 of Plaintiff's Complaint.

13. Rivas-Fernandez incorporates her response to Paragraphs 1-43 in response to Paragraph 44 of Plaintiff's Complaint.

14. Rivas-Fernandez denies the allegations in Paragraphs 45 through 48 of Plaintiff's Complaint.

15. Rivas-Fernandez incorporates her response to Paragraphs 1-48 in response to Paragraph 49 of Plaintiff's Complaint.

16. Rivas-Fernandez denies the allegations in Paragraphs 50 through 53 of Plaintiff's Complaint.

17. Rivas-Fernandez incorporates her response to Paragraphs 1-53 in response to Paragraph 54 of Plaintiff's Complaint.

18. Rivas-Fernandez denies the allegations in Paragraphs 55 through 59 of Plaintiff's Complaint.

19. Rivas-Fernandez incorporates her response to Paragraphs 1-59 in response to Paragraph 60 of Plaintiff's Complaint.

20. Rivas-Fernandez denies the allegations in Paragraphs 61 through 66 of Plaintiff's Complaint.

21. Rivas-Fernandez denies the allegations in Paragraph 67 of Plaintiff's Complaint.

22. Rivas-Fernandez incorporates her response to Paragraphs 1-67 in response to Paragraph 68 of Plaintiff's Complaint.

23. Rivas-Fernandez denies the allegations in Paragraph 69 of Plaintiff's Complaint, including all subparts.

24. Paragraph 70 of Plaintiff's Complaint asserts legal conclusions to which no answer is required.

25. Rivas-Fernandez denies the allegations in Paragraphs 71 through 74 of Plaintiff's Complaint, including all subparts.

26. Rivas-Fernandez incorporates her response to Paragraphs 1-74 in response to Paragraph 75 of Plaintiff's Complaint.

27. Rivas-Fernandez denies the allegations in Paragraphs 76 through 83 of Plaintiff's Complaint.

28. Rivas-Fernandez incorporates her response to Paragraphs 1-83 in response to Paragraph 84 of Plaintiff's Complaint.

29. Paragraphs 85 through 89 of Plaintiff's Complaint assert legal conclusions to which no answer is required, and Rivas-Fernandez otherwise denies the allegations in Paragraphs 85 through 89 of Plaintiff's Complaint.

30. Rivas-Fernandez denies the allegations in Paragraphs 90 through 97 of Plaintiff's Complaint, including all subparts.

31. Paragraph 98 of Plaintiff's Complaint asserts legal conclusions to which no answer is required.

32. Rivas-Fernandez denies the allegations in Paragraphs 99 through 105 of Plaintiff's Complaint.

33. Rivas-Fernandez does not admit or deny the allegations made in Paragraphs 106-108 of Plaintiff's Complaint as they are each informational.

34. Paragraphs 109 through 111 of Plaintiff's Complaint assert legal conclusions to which no answer is required, and Rivas-Fernandez otherwise denies the allegations in Paragraphs 109 through 111 of Plaintiff's Complaint.

35. Paragraph 112 of Plaintiff's Complaint asserts legal conclusions to which no answer is required, and Rivas-Fernandez otherwise denies the allegations in Paragraph 112 of Plaintiff's Complaint.

36. Rivas-Fernandez denies the allegations in Paragraph 113 of Plaintiff's Complaint.

37. Rivas-Fernandez admits that C&W sought expedited discovery. Rivas-Fernandez denies the remaining allegations in Paragraphs 114 of Plaintiff's Complaint and asserts that this paragraph asserts legal conclusions to which no answer is required.

38. Rivas-Fernandez denies the allegations in Paragraphs 115 of Plaintiff's Complaint.

39. Rivas-Fernandez denies that C&W is entitled to attorney's fees or any other relief sought in Plaintiff's Complaint.

## II. AFFIRMATIVE DEFENSES

40. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

41. C&W'S claims are barred, in whole or in part, by C&W's failure to mitigate its damages.

42. Some or all of C&W's claims are barred because the contractual provisions at issue are unenforceable or subject to limitation.

43. Some or all of C&W's claims are barred by the Business Judgment Rule.

44. Rivas-Fernandez acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of C&W or any duty purportedly owed to C&W.

45. C&W's claims are barred by the doctrine of unclean hands.

46. C&W's claims are barred by waiver, and estoppel, and/or laches.

47. C&W's claims are barred, in whole or in part, by quasi-estoppel (including acquiescence and acceptance of benefits).

48. Any award of exemplary or punitive damages is subject to all limitations imposed by Texas law, including those in Chapter 41 of the Texas Civil Practice and Remedies Code, including the damages cap provided for in Section 41.008 of the Texas Civil Practice and Remedies Code, as well as those provided under the United States Constitution and the Texas Constitution.

49. Rivas-Fernandez owed no duty to C&W under the facts and circumstances at issue.

50. Rivas-Fernandez is entitled to a credit or offset equal to the amount of any monies paid to C&W in settlement of claims with other parties or third parties.

51. Rivas-Fernandez reserves the right to replead any other affirmative defenses or special denials which later pleadings of Plaintiff, changes in the law and/or subsequent discovery may reveal to be appropriate.

WHEREFORE, having fully answered the allegations in Plaintiff's Complaint, Defendant Bailee Nicole Rivas-Fernandez respectfully requests that the Court enter judgment in her favor, dismiss Plaintiff's Complaint with prejudice, award Defendant Bailee Nicole Rivas-Fernandez all recoverable fees, costs, and interest, and for such other and further relief as the Court deems proper.

Respectfully submitted,

**JB SCHWARTZ PLLC**
3811 Turtle Creek Boulevard
Suite 2000
Dallas, Texas 75219
Tel: (214) 380-0751
Fax: (214) 306-5174

By: */s/ Elizabeth M. Branning*
**Elizabeth M. Branning**
State Bar No. 24008069
liz@jbschwartzlaw.com
**Jon-Bernard Schwartz**
State Bar No. 90001829
jon@jbschwartzlaw.com

**ATTORNEYS FOR DEFENDANTS BAILEE NICOLE RIVAS-FERNANDEZ AND ERMELINDA (MINDY) RIVAS**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of April, 2024, a true and correct copy of the foregoing Original Answer of Defendant Bailee Nicole Rivas-Fernandez was served via ECF on the parties registered with the Court to receive ECF, as follows:

1. Joseph F. Postnikoff
   Laurie Dahl Rea
   **ROCHELLE MCCULLOGH, LLP**
   300 Throckmorton Street, Suite 520
   Ft. Worth, Texas 76102
   jpostnikoff@romclaw.com
   laurie.rea@romclaw.com
   **COUNSEL FOR DEBTOR**
   **IRONCLAD PRESSURE CONTROL, LLC**

2. Todd J. Johnston
   **MCWHORTER, COBB, & JOHNSON, LLP**
   1722 Broadway
   P.O. Box 2547
   Lubbock, Texas 79408
   tjohnston@mcjllp.com
   **COUNSEL FOR PLAINTIFF**
   **C&W INTERNATIONAL FABRICATORS, LLC**

3. Shane M. Bebout
   **TODD, BARON, THOMASON, HUDMAN, BEBOUT & RODRIGUEZ, P.C.**
   3800 E. 42nd Street, Suite 409
   Odessa, Texas 79762-5982
   sbebout@toddlawfirm.com
   **COUNSEL FOR DEFENDANT ALBERT DEHOYOS**

                                */s/ Elizabeth M. Branning*
                                Elizabeth M. Branning