IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| **IRONCLAD PRESSURE CONTROL, LLC,** | § § | Case No. 23-70156 In Proceedings Under Chapter 11 Subchapter V |
| Debtor. | § § | |
| _____ | § § | |
| **C & W INTERNATIONAL FABRICATORS, LLC,** | § § § § | |
| Plaintiff and Counter Defendant**,** | § § | |
| v. | § § | Adversary No. 24-07003-smr |
| **IRONCLAD PRESSURE CONTROL, LLC, ERMELINDA (MINDY) RIVAS, BAILEE NICOLE RIVAS-FERNANDEZ, and ALBERT DEHOYOS,** | § § § § § | |
| Defendants and, as to Ironclad Pressure Control, LLC only, Counterclaim Plaintiff. | § § § | |

**COUNTER DEFENDANT C & W INTERNATIONAL FABRICATORS, LLC'S ORIGINAL ANSWER TO COUNTERCLAIM PLAINTFIFF IRONCLAD PRESSURE CONTROL, LLC'S COUNTERCLAIMS**

**[Referring to Docket No. 49]**

**TO THE HONORABLE SHAD M. ROBINSON, UNITED STATES BANKRUPTCY JUDGE:**

Subject to its Motion to Remand [Dkt. No. 12] and without waving any rights related to this pending request for relief, C&W International Fabricators, LLC ("Counterclaim Defendant C&W" or "C&W"), Counterclaim Defendant in the above-referenced adversary proceeding, files this its *Original Answer* ("Answer") to Ironclad Pressure Control, LLC's *Counterclaims Against C&W International Fabricators, LLC and Objection to Claim* (the "Counterclaim"), and in support thereof, respectfully shows as follows:

## I. ADMISSIONS AND DENIALS

1. Counterclaim Defendant C&W admits the allegations contained in paragraph 53 of the Plaintiff's Counterclaim regarding the parties' agreement as represented by the purchase orders ("POs") extended by Ironclad to C&W to purchase approximately $5.4 million in valuable oil and gas well frac equipment and the payment terms contained therein. C&W denies all other allegations in this paragraph including that Ironclad was supposed to only make "monthly installments" to C&W for the equipment. Each PO specifically required full payment to C&W in four (4) monthly installments upon delivery of the equipment.

2. Answering paragraph 54, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

3. Answering paragraph 55, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

4. Answering paragraph 56, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

5. C&W admits having limited contact with Double Eagle but denies all other allegations in the first sentence of paragraph 57 of the Counterclaim. C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth in the second sentence of paragraph 57 and, on that basis, denies the same.

6. Answering paragraph 58, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

7. C&W admits having limited contact with FundThrough but denies all other allegations in the first sentence of paragraph 59 of the Counterclaim. C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth in the second sentence of paragraph 59 and, on that basis, denies the same.

8. Answering paragraph 60, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

9. Answering paragraph 61, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

10. Answering paragraph 62, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

11. Answering paragraph 63, C&W admits that C&W's counsel sent notice to FundThrough on the referenced date but denies demanding that FundThrough cease factoring to Ironclad.

12. C&W admits the allegations in paragraph 64 of the Counterclaim.

13. C&W admits the allegations in paragraph 65 of the Counterclaim.

14. C&W admits providing documentation to Ironclad pursuant to its request as alleged in paragraph 66 of the Counterclaim but denies all other allegations.

15. C&W admits the allegations the allegations in paragraph 67 of the Counterclaim.

**ANSWER TO COUNT 1 BREACH OF CONSTRACT**

16. C&W incorporates its response to paragraphs 1-15 in response to paragraph 68 of the Counterclaim.

17. C&W admits the allegation in paragraph 69 that Ironclad entered into a purchase contract with C&W whereby it agreed pay for approximately $5.4 million in oil and gas well frac equipment it procured from C&W.

18. Answering paragraph 70, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein.

19. C&W denies the allegations in paragraph 71 of the Counterclaim.

20. C&W denies the allegations in paragraph 72 of the Counterclaim.

21. C&W denies the allegations in paragraph 73 of the Counterclaim.

### ANSWER TO COUNT 2 – TORTIOUS INTEREFERENCE WITH EXISITING CONTRACT WITH DOUBLE EAGLE

22. C&W incorporates its response to paragraphs 1-21 in response to paragraph 74 of the Counterclaim.

23. Answering paragraph 75, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

24. C&W denies the allegations in paragraph 76 of the Counterclaim.

25. C&W denies the allegations in paragraph 77 of the Counterclaim.

### ANSWER TO COUNT 3 – TORTIOUS INTEREFERENCE WITH EXISITING CONTRACT WITH FUNDTHROUGH

26. C&W incorporates its response to paragraphs 1-25 in response to paragraph 78 of the Counterclaim.

27. Answering paragraph 79, C&W lacks information or knowledge sufficient to form a belief about the truth or falsity of the allegations set forth therein and, on that basis, denies the same.

28. C&W denies the allegations in paragraph 80 of the Counterclaim.

29. C&W denies the allegations in paragraph 81 of the Counterclaim.

### ANSWER TO COUNT 4 – ATTORNEY'S FEES

30. C&W denies the allegations in paragraph 82 of the Counterclaim.

### ANSWER TO COUNT 5 – OBJECTION TO CLAIM

31. C&W denies the allegations in paragraph 83 of the Counterclaim.

32. C&W denies the allegations in paragraph 84 of the Counterclaim.

33. C&W denies the allegations in paragraph 85 of the Counterclaim.

34. C&W denies the allegations in paragraph 86 of the Counterclaim.

35. C&W denies the allegations in paragraph 87 of the Counterclaim.

### **AFFIRMATIVE DEFENSES**

1. Without conceding that C&W has the burden of proof on any of the issues below, in addition to the facts pled in C&W's Complaint and all other pleadings C&W has filed in this bankruptcy

proceeding, which are incorporated herein, C&W further asserts the following facts and affirmative defenses pursuant to Federal Rule of Civil Procedure (8)(c):

**FIRST AFFIRMATIVE DEFENSE**

2. Ironclad is estopped from asserting its claims against C&W by the doctrine of "equitable estoppel" and/or "unclean hands".

3. In December 2022, Albert DeHoyos contacted C&W to purchase oil field fracing equipment (the "Equipment"). After initiating the purchase orders to procure over $5 million in specially fabricated oil well frac equipment from C&W, Mr. DeHoyos subsequently changed his name to "Charles Ramirez" in all his dealings with C&W. Upon information and belief, Mr. Charles Ramirez a/k/a Albert DeHoyos is married to Bailee Nicole Rivas-Fernandez, the Debtor's representative in this bankruptcy proceeding and an owner of the Debtor's parent company.

4. Ironclad sent C&W purchase orders for the Equipment it wanted to purchase and upon C&W's receipt of Ironclad's purchase orders, C&W placed the orders with the manufacturer in China to have the Equipment specially manufactured per Ironclad's request. Ironclad's initial purchase orders (PO #1001 and # 1002) were dated December 21, 2022. Once the Equipment was manufactured, C&W delivered the Equipment to Ironclad's warehouse located in Ector County, Texas, as directed.

5. Ironclad immediately defaulted on its payments to C&W according to the terms of its own purchase orders. At the same time Ironclad was failing and refusing to pay for the Equipment it received from C&W in accordance with the terms it extended to same, Ironclad's owners/officers/representatives were allegedly engage in significant self-dealing through Ironclad's operating accounts totaling 100s of thousands of dollars, which funds could otherwise have been used to pay C&W for the Equipment it delivered. ***A cursory inspection of Ironclad's bank statements shows numerous purchases through Ironclad's accounts on Whatnot, Inc. (a "social marketplace" website), Best Buy, Air BNB, Petsmart, Amazon, Door Dash, Ashley Furniture Store, Lovesac, Las Vegas trips, All Star Sports, etc.***, allegedly by Ironclad's owners/officers/representatives. Such alleged nonbusiness related purchases and transactions

began on or about May 2023 and continued through November 30, 2023, less than a week prior to Ironclad's petition date.

6. Further, on or about July 18, 2023, the Debtor purchased the following residence located at 5616 East County Road 94, Midland, Texas 79706, for $1,075,000.00. This residence was allegedly "used" for "overnight stays by employees of the Debtor while stationed on jobs in the surrounding area." *See* Debtor's Section 1188(c) Pre-Status Conference Report, Dkt. No. 46, p. 2, para. 8. The Debtor's representative and owner acknowledges living in this residence following its purchase.



7. In an approximate six (6) month period, Ironclad, an oil and gas service company, purchased a million dollar private residence (allegedly for its business operations) and allegedly spent 100s of thousands of dollars on Whatnot, Inc., Best Buy, Air BNB, Petsmart, Amazon, Door Dash, Ashley Furniture Store, Lovesac, Las Vegas trips, All Star Sports, and other purchases. Despite this, the Debtor now asserts causes of action in its Counterclaim against C&W, **the company which delivered to it approximately $5.4 million in oil and gas well frac equipment on an unsecured basis**, that C&W is the alleged cause of its financial hardship for which it is allegedly entitled to damages.

8. C&W further asserts that the alleged insider transactions referenced above are by no means properly disclosed in the Debtor's bankruptcy schedules.

## SECOND AFFIRMATIVE DEFENSE

9. C&W denies any causal connection between Ironclad's alleged damages and C&W's alleged actions or inactions.

## THIRD AFFIRMATIVE DEFENSE

10. Ironclad's claims are barred in whole or in part by "assumption of risk".

## FOURTH AFFIRMATIVE DEFENSE

11. The damages alleged by Ironclad were proximately caused or contributed to by the negligence or fault of its owners/officers/representatives, or of third parties over whom C&W had no control.

## FIFTH AFFIRMATIVE DEFENSE

12. Ironclad's claims are barred in whole or in part by its own "contributing negligence".

## SIXTH AFFIRMATIVE DEFENSE

13. Ironclad's claims are barred in whole or in part to the extent its damages (if any) have resulted from Ironclad's own conduct in mismanaging its business, which is a superseding and intervening cause.

## SEVENTH AFFIRMATIVE DEFENSE

14. Ironclad's claims are barred in whole or in part by its own fraud as to other third-parties, including C&W.

## EIGHTH AFFIRMATIVE DEFENSE

15. Ironclad's claims are barred in whole or in part by "waiver".

## NINTH AFFIRMATIVE DEFENSE

16. Ironclad's claims are barred in whole or in part by the doctrine of "laches".

## TENTH AFFIRMATIVE DEFENSE

17. Ironclad's claims are barred in whole or in part by the doctrine of "payment".

**ELEVENTH AFFIRMATIVE DEFENSE**

18. Ironclad's claims are barred in whole or in part by the doctrine of "illegality".

**TWELFTH AFFIRMATIVE DEFENSE**

19. Ironclad's actions and/or damages are barred, reduced or eliminated under the doctrine of *in pari delicto.*

**THIRTEENTH AFFIRMATIVE DEFENSE**

20. The counter claims fail to state a claim against C&W upon which relief may be granted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

21. Ironclad's claims against C&W are barred, and/or their recovery of damages from C&W is reduced or eliminated, for the reasons set forth in C&W's Complaint.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

22. Ironclad's claims for attorneys' fees and costs are barred in whole or in part as such damages are not recoverable on the claims asserted against C&W.

**SIXTEENTH AFFIRMATIVE DEFENSE**

23. Ironclad's claims are barred, in whole or in part, in that the relief sought in its counter claims would constitute "unjust enrichment" to Ironclad.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

24. Ironclad's claims are barred, in whole or in part, under the doctrine of "justification".

**EIGHTEENTH AFFIRMATIVE DEFENSE**

24. Ironclad's claims are barred, in whole or in part, to the extent that Ironclad's own acts or omissions caused or contributed to its alleged injury.

**NINETEENTH AFFIRMATIVE DEFENSE**

25. Ironclad's claims are barred in whole or in part under the doctrine of "defalcation".

26. C&W hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend its answer to assert any such defenses. The assertion of the above defenses by C&W is not intended and should not be deemed or construed to alter or shift any burden of proof Ironclad may have in connection with the claims asserted in this matter.

27. C&W specifically reserve the right to amend its Answer, including affirmative defenses, as discovery progresses or in accordance with a scheduling order established by the Court to the extent this matter is not remanded to state court.

Dated: June 3, 2024

Respectfully submitted

**MCWHORTER, COBB & JOHNSON, L.L.P.**
1722 Broadway
P.O. Box 2547
Lubbock, Texas 79408
(806) 762-0214 - Telephone
(806) 762-8014 – Facsimile
tjohnston@mcjllp.com

By: /s/ Todd J. Johnston
    Todd J. Johnston
    SBN: 24050837
    tjohnston@mcjllp.com

***ATTORNEYS FOR PLAINTIFF AND COUNTER DEFENDANT C&W INTERNATIONAL FABRICATORS, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2024, a true and correct copy of the foregoing document was served upon the parties listed below via first class mail and upon all parties receiving notice via ECF notification.

1. Joseph F. Postnikoff
   Laurie Dahl Rea
   Rochelle McCullough, LLP
   300 Throckmorton Street, Suite 520
   Ft. Worth, Texas 76102
   Counsel for Debtor Ironclad Pressure Control, LLC

2.  Elizabeth Branning
    JB Schwartz, PLLC
    3811 Turtle Creek Blvd, Suite 200
    Dallas, Texas 75219
    Counsel for Non-Debtor Co-Defendants
    Ermelinda (Mindy) Rivas and Bailee Nicole Rivas

3.  Shan M. Bebout
    Todd, Barron, Thomason, Hudmand & Baxter, P.C.
    3800 E 42nd St., Suite 409
    Odessa, Texas 79762
    Counsel for Non-Debtor Co-Defendant Albert Dehoyos

      /s/ Todd J. Johnston
      Todd J. Johnston